[S. F. No. 6271. Department Two.—May 28, 1914.]

A. M. THOMPSON, Respondent, v. CORA M. JONES and HARRY HART, Appellants.

GIFT—DEPOSIT OF MONEY IN JOINT NAMES—COMPLETION OF GIFT BY DRAWING MONEY—INVESTMENT IN LAND—TENANCY IN COMMON.— Where a woman, living illicitly with a man, deposits her separate funds in a bank to their joint account, so that either could check against the account and draw out and use all or any part of the money as they saw fit, a gift of the money was tendered by her which became complete when the man drew the money and devoted it to his own use; and if he uses the money so drawn by him in the purchase of land, the title to which was taken in their respective names, they became tenants in common of the land.

APPEAL from an interlocutory decree of partition of the Superior Court of Sonoma County. T. C. Denny, Judge.

The facts are stated in the opinion of the court.

T. J. Butts, for Appellants.

A. B. Ware, and Phil Ware, for Respondent.

HENSHAW, J.—This action was brought by plaintiff for the partition of certain land situated in the county of Sonoma. The complaint alleged that plaintiff is the owner in fee of an undivided one-half interest in the land and is a tenant in common with the defendants. The answer denied any interest or ownership of the plaintiff in the lands and by cross-complaint defendant Cora M. Jones asserted ownership in herself of all of the land and sought a decree so declaring.

The court found in favor of the plaintiff upon all the material issues and decreed a partition. From this interlocutory decree defendant Cora M. Jones appeals.

The findings of the court may be thus summarized. For many years prior to the eighth day of October, 1908, Cora M. Jones and B. W. Jones (plaintiff's grantor) had been maintaining an illicit relationship, living together and representing themselves to be husband and wife. Cora M. Jones prior to the eighth day of October, 1908, owned as her separate property some six thousand dollars, which upon that date she deposited in the Bank of Napa in the city of Napa in the name of and to the joint account of B. W. Jones and Cora M. Jones so that either the said B. W. Jones or the said Cora M. Jones could check against this account and draw out all or any part of the money. It was the declared intent of Cora M. Jones when she made this deposit to allow B. W. Jones to check against it and use it or any part of it as he saw fit. On the eighth day of October, 1908, B. W. Jones and Cora M. Jones purchased the land described in plaintiff's complaint. The land was paid for by check against the funds in the Napa Bank which check was drawn by B. W. Jones. The deed to the land was taken in the name of B. W. Jones and Cora M. Jones and by this deed the two became tenants in common of the land, each owning an undivided moiety thereof.

Subsequently, in June, 1909, B. W. Jones and Cora M. Jones intermarried. They continued to live upon the land, which was farming land, until 1911. This relationship ended in a divorce procured by Cora M. Jones. Following this Cora M. Jones brought an action in ejectment against B. W. Jones to recover the land. This action was commenced on the thirty-first day of May, 1911. Upon June 5th following a *lis pendens* was filed. Intermediate the commencement of the action and the filing of the *lis pendens,* B. W. Jones sold his undivided half interest to the plaintiff for the sum of eight hundred and sixty dollars, which the court finds was paid.

It will be noted that the findings of the court already outlined declare, in effect, a completed gift *inter vivos* of one-half of the money which paid for the land and, consequently, full and complete title in B. W. Jones of an undivided one-

half of the land. Further findings of the court declare an estoppel raised against the claim of Cora M. Jones upon the ground of an "understanding" between Cora M. Jones and B. W. Jones that he owned one-half of the property and his expenditure under this understanding of time, labor, and money in the improvement of the land and the construction of permanent buildings thereon. Another estoppel is found by the court to be raised against the claim of Cora M. Jones "by reason of the illicit and unlawful relationship existing between B. W. Jones and Cora M. Jones."

These estoppels are against the contention of the appellant that the money was her separate property, that B. W. Jones was but her agent in the management of it and of her affairs, that it was still her money when the land was bought, that it was her money that paid the full purchase price and that under well settled principles B. W. Jones when he took title to an undivided one-half in himself became her trustee. The further contention of the appellant vigorously urged is that plaintiff was not a *bona fide* purchaser and that she is therefore entitled to establish her equitable title against him. Finally, certain rulings of the court are complained of which rulings it is declared unduly limited the scope of the cross-examination of the plaintiff in defendant's effort to show the fact that he was not such a *bona fide* purchaser.

It is manifest, however, that without regard to estoppels, if the findings of the court to the effect that B. W. Jones became the owner of an undivided one-half of the property by gift be sustained by the evidence all other findings and rulings, however erroneous, are absolutely noninjurious. Therefore, to this primary consideration we directly come.

While, as is to be expected, there is a conflict in the evidence upon this question, the testimony of B. W. Jones fully supports the court's finding. Jones testified that during the years in which he and Mrs. Jones maintained their relationship they "pooled their funds, forming a community fund to be used in the interests of each other. It was understood that whatever money one had was as much the other's. We both checked against the accounts. We were both sustained by the mutual fund." Cora M. Jones knew all about the purchase of the ranch and the taking of title in his name as well as in her own. She always recognized him as half owner

and never made any assertion that his title was held for her in trust. Indeed, she always insisted that half the money in the bank belonged to him.

The situation presented then is this: Cora M. Jones owned the money. It was deposited in the bank with the right to B. W. Jones to check against it and use the funds for his own purposes. So long as the money remained in the bank it was indubitably the money of Cora M. Jones. The tendered gift to B. W. Jones was incomplete and remained uncompleted until he drew the money and devoted it to his own purposes. This is precisely what he did when he checked against it for the purchase of the land, taking title in his own name as well as in that of Cora M. Jones. There was no concealment of his act and no attempted repudiation of it by Cora Jones until differences had arisen between the two which culminated in their divorce and in this subsequent litigation.

The judgment is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.