LOUIS MCCARTY, Appellant, *v.* NOSTRAND LUMBER Co., INC., and Others, Respondents, Impleaded with EDWARD A. HASSARD and Others, Defendants. (Action No. 2.)

Second Department, March 13, 1931.

*Henry Hetkin,* for the appellant.

*Stephen Callaghan,* for the respondents Long Beach Lumber Co., Inc., and Nostrand Lumber Co., Inc.

*Philip J. Termini,* for the respondent Kelly Lumber Co., Inc.

*John S. Russell,* for the respondent Midwood Trust Company.

CARSWELL, J. · It will suffice to state our conclusions.

The transaction of January 27, 1928, was a completed rescission of the prior agreements and transactions of the parties thereto. It was not a purchase by the Long Beach Company of its stock from the McCarty group. This record contains no credible or legal proof that either the Long Beach Lumber Company or the Nostrand Lumber Company was insolvent on February 1, 1928, or shortly prior thereto. Insolvency is determined by section 271 of the Debtor and Creditor Law (as added by Laws of 1925, chap. 254). Inability to pay current obligations as they mature does not establish insolvency. The acts of the McCarty group and of

defendant Whitbread in effecting the rescission did not make the rescission invalid in view of the proof in the record that that agreement was not unjust. It was entered into to save defendant Whitbread and his concern, the Long Beach Lumber Company, from an action for rescission because of false representations and failure to abide by prior agreements as to values, the determination of which values was a condition precedent to the further advancing of money to the Long Beach Lumber Company by the McCarty group. There is adequate proof to sustain the findings that, during the period immediately prior to February 3, 1928, the Long Beach Lumber Company and the Nostrand Lumber Company were not paying their notes and other obligations as they became due. Assuming that this proof established that element so as to make applicable section 15 of the Stock Corporation Law,* and especially the first part thereof which prohibits, for other than the full value paid in cash, the transfer of the property of a corporation to any of its stockholders by its directors or stockholders, that defense is not available to defendant Long Beach Lumber Co., Inc., nor to defendant Whitbread, the owner thereof. They, with full knowledge, acted on the rescission transaction that was executed by the McCarty group at the time of the agreement of January 27, 1928, and the issuance of the notes on February 3, 1928. And they, for more than a year and a half thereafter, made payments on the notes as they became due, with the result that during that period the McCarty group ceased to have any participation in the affairs of the Long Beach Lumber Co., Inc. (*Welch* v. *I. & T. N. Bank,* 122 N. Y. 177, 189); as a consequence, the Long Beach Lumber Co., Inc., and defendant Whitbread are estopped to challenge the validity of that transaction. The failure to enforce an estoppel would unjustly deprive the McCarty group of rights to which they are entitled because of their elimination from the company as of February, 1928, by virtue of the executed rescission agreement. (*Joseph* v. *Raff,* 82 App. Div. 47; affd., 176 N. Y. 611; *Kent* v. *Quicksilver Mining Co.,* 78 id. 159, 187.) This view makes it unnecessary to decide whether or not the right to invoke section 15 of the Stock Corporation Law is limited to creditors and non-assenting stockholders.

No creditors as such are involved in this action. The defendants, on this phase of the case, are the Long Beach Lumber Co., Inc., Nostrand Lumber Co., Inc., and Whitbread, who owns the Long Beach Lumber Co., Inc., and owns or controls the Nostrand Lumber Co., Inc. If the rights of any creditor as such are involved, they must be enforced in an appropriate action. The execution by the

---

* Since amd. by Laws of 1929, chap. 653.—[Rep.

Nostrand Lumber Co., Inc., of the guaranty of the notes of the Long Beach Lumber Co., Inc., and of the mortgage in suit was supported by ample consideration. Moreover, by reason of the business relations between the Nostrand Lumber Co., Inc., and the Long Beach Lumber Co., Inc., evidenced by the running account between them and the revival of a credit in favor of the Nostrand Company against the Long Beach Co., Inc., in excess of $133,000 when the rescission agreement of January 27, 1928, was made, the execution by the Nostrand Lumber Co., Inc., of the guaranty of the notes, as well as the mortgage, was not *ultra vires*. The mortgage of the Nostrand Lumber Company was not invalid by reason of any formal irregularities, since the execution thereof was consented to by the stockholders of the Nostrand Lumber Co., Inc.

As to defendants Kelly Lumber Company, Inc., and Midwood Trust Company, the liens of these two defendants are superior to the lien of the plaintiff's mortgage. The subordination provision in the lease of the Kelly Lumber Company, Inc., was not self-executing. It appears that that company never executed any instrument subordinating its lease to the lien of the plaintiff's mortgage. Moreover, the plaintiff's mortgage on the date of its execution was in excess of sixty-five per cent of the value of the property under lease to the Kelly Lumber Company, Inc. The percentage provision is to be applied as of the date of the inception of the mortgage and the amount thereof at that time. Any other rule would engender injustice and endless confusion.

For the same reasons, the lien of the Midwood Trust Company to the extent that its mortgage is unpaid was never subordinated to the lien of the plaintiff's mortgage. In any event, that subordination of the Midwood Trust Company's mortgage to the lease of the Kelly Lumber Company only regulated priorities as between the Kelly Lumber Company and the Midwood Trust Company.

The judgment should be reversed upon the law and the facts, with costs, and judgment of foreclosure directed in favor of the plaintiff as against the defendants Long Beach Lumber Co., Inc., and Nostrand Lumber Co., Inc., and in favor of defendants Kelly Lumber Company, Inc., and Midwood Trust Company, with costs, by way of subordinating the lien of plaintiff's mortgage to the liens of the lease and the mortgage, respectively, of these two defendants.

YOUNG, KAPPER, HAGARTY and SCUDDER, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and judgment of foreclosure directed in favor of the plaintiff as against

defendants Long Beach Lumber Co., Inc., and Nostrand Lumber Co., Inc., and in favor of defendants Kelly Lumber Company, Inc., and Midwood Trust Company, with costs, by way of subordinating the lien of plaintiff's mortgage to the liens of the lease and the mortgage, respectively, of these two defendants. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Settle order on notice.