[Civ. No. 17007. First Dist., Div. Two. Feb. 26, 1957.]

B. H. FREEMAN, Plaintiff and Appellant, v. BENNIE LAMORTE et al., Defendants and Appellants.

Charles P. Molinari and Joseph L. Casalnuovo for Plaintiff and Appellant.

Sea & Hanna for Defendants and Appellants.

DOOLING, Acting P. J.—Plaintiff is the assignee of a judgment in favor of Norma Bacigalupi against defendant Bennie LaMorte for $5,000. He brought this action to set aside a conveyance from Bennie LaMorte to his wife Angelina LaMorte as one in fraud of creditors. The court sitting without a jury entered judgment in favor of defendants. The court granted a new trial on the ground of insufficiency of the evidence. Defendants appeal from the order granting a new trial and plaintiff cross-appeals from the judgment.

The complaint is in two counts. The first count alleges that while indebted to plaintiff's assignor defendant Bennie conveyed the property to his wife for the purpose of defrauding, hindering and delaying his creditors. The second count alleges that the transfer was without any fair consideration and left the defendant Bennie insolvent.

Defendants were married in 1941. At that time defendant Angelina owned two parcels of real property. One of these parcels became the residence of the defendants and on June 1, 1942, defendant Angelina conveyed this property to Bennie and herself as joint tenants. She testified that she did this because of love and affection for Bennie. This property was sold and from the proceeds a second was acquired by the parties also as joint tenants. This second property was also sold and the real property here in question was purchased on December 7, 1943. Title to such property was taken in the names of Bennie LaMorte, Angelina LaMorte and Virginia Lippo as joint tenants. Virginia Lippo was Angelina's mother and contributed $5,000 of the purchase price, the balance coming from the proceeds of the sale of the property theretofore held by the defendants in joint tenancy. In 1946 Virginia Lippo died leaving defendants as surviving joint tenants.

Defendant Bennie met plaintiff's assignor in 1944 and engaged in a meretricious sexual relation with her which continued until 1950. In 1950 Mrs. Bacigalupi sued Bennie for $10,000 allegedly obtained from her by fraud. When Angelina learned of Bennie's intimacies with Mrs. Bacigalupi and of her pending action against him she asked her husband to convey his interest in the property involved to her and he complied.

Defendant Bennie admitted that he did not have sufficient assets in May of 1951 when he transferred his interest in the Rosal property to his wife to pay Mrs. Bacigalupi $5,000. He stated that the transfer in question was made at defendant

Angelina's instance, and that she paid him nothing for that property. He testified that he owned no property before his marriage and that he never contributed anything towards the purchase of any of the properties successively owned by his wife and himself. He stated that his wife gave him the Rosal property as a gift and she wanted it back when she found out about Mrs. Bacigalupi.

Defendant Angelina testified that her mother, Virginia Lippo, contributed $5,000 towards the purchase of the Rosal property and became a joint tenant with the understanding that defendants would care for her for the rest of her life and that on her death the property would go to defendants.

The trial court found against plaintiff on the doctrine of "unclean hands" and on the further theory that Bennie obtained title from Angelina without consideration and held his interest in trust for his wife.

The trial court could find that under the evidence here presented Bennie secured title to a joint tenancy interest in the first property by way of gift and his title thereto became absolute and was not held by him as trustee. (*Thompson* v. *Jones*, 167 Cal. 748 [141 P. 366].)  A deed does not require consideration to be valid. (*Odone* v. *Marzocchi*, 34 Cal.2d 431, 436 [211 P.2d 297, 212 P.2d 233, 17 A.L.R.2d 1109].) Angelina's own testimony negatives an intent that Bennie should hold the property in trust for her. The successive acquisitions of property were procured by using the proceeds of the previous sales and Bennie's joint tenancy interest was continued therein. When the property here in issue was acquired Mrs. Lippo advanced $5,000 of the purchase price and became a joint tenant. On her death her interest passed equally to Bennie and his wife as surviving joint tenants. The evidence would support a finding that this interest acquired from a third party was not held in trust for Angelina, even if the original title might have been.

Defendants argue that *Murdock* v. *Murdock*, 49 Cal.App. 775 [194 P. 762], compels the judgment in their favor. In that case the court did say (49 Cal.App. p. 786): "even where there have been no false representations or promises by one of the spouses that the marital obligations have always been, and would always be, faithfully kept, property which has been given by one to the other will be restored to the donor upon discovery by the latter that the donee has been

before or after the gift guilty of maintaining meretricious relations with a third party." This was a mere dictum. The court said on the same page: "In the case at bar, however, the element of actual fraud enters."

The proper rule is stated in *Bragg* v. *Bragg*, 219 Cal. 715, 721 [28 P.2d 1046]: "Allegations that a spouse had no intention of performing his or her marital obligations . . . when a conveyance to such spouse was executed, must be supported by unequivocal evidence that such spouse was moved by a fraudulent intent. Subsequent failure to fulfill prenuptial or postnuptial promises made in good faith does not of itself constitute actionable fraud for which cancellation of deeds between husband and wife may be had."

It is difficult to follow defendants' argument on the clean hands doctrine. Plaintiff's assignor recovered judgment against Bennie for $5,000 obtained from her by Bennie's fraudulent conduct. Her meretricious relations with Bennie may have afforded him the opportunity to defraud her, but they were no part of the transaction on which she recovered. The clean hands doctrine does not entitle the court to inquire into the general morals of the parties. "To warrant denial of relief the unclean hands must relate to the transaction before the court." (*Boericke* v. *Weise*, 68 Cal.App. 2d 407, 419 [156 P.2d 781]; *Hamrick* v. *Hamrick*, 119 Cal. App.2d 839, 847 [260 P.2d 188].) It may be added that the judgment against Bennie is conclusive of Mrs. Bacigalupi's right against him and the attempt now to raise the clean hands issue is an attempt to go behind the judgment and relitigate a right which the judgment itself now conclusively establishes. (24 Am.Jur., Fraudulent Conveyances, § 181, p. 311; 37 C.J.S., Fraudulent Conveyances, § 349(b), p. 1182.)

Defendants argue that because the Bacigalupi claim had not been reduced to judgment the evidence could not support a finding that the transfer rendered Bennie insolvent. The Fraudulent Conveyance Act furnishes a complete answer to this argument. Section 3439.01 Civil Code provides: " 'Debt' includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."

Section 3439.02, subdivision (a), reads: "A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."

■ "It is well settled in this state that the relationship of debtor and creditor arises in tort cases the moment the cause of action accrues." (*Hansen* v. *Cramer*, 39 Cal.2d 321, 323 [245 P.2d 1059, 30 A.L.R.2d 1204] ; *McKinney* v. *Wright*, 105 Cal.App. 401, 407 [287 P. 506].) ■ Furthermore the transfer could be set aside if there was an actual intent to defraud although Bennie was not rendered insolvent. (*Fross* v. *Wotton*, 3 Cal.2d 384, 389 [44 P.2d 350] ; Civ. Code, § 3439.07.)

Defendants' argument that the allegation of the complaint alleging a conspiracy by defendants to conceal Bennie's assets and defraud creditors is insufficient because husband and wife cannot be guilty of a conspiracy is captious. ■ The conspiracy is not the gist of a civil action, but the wrongful conduct of the parties. (11 Cal.Jur.2d, Conspiracy, § 47, p. 272.) The wrongful conduct having been proved the allegation of conspiracy becomes surplusage.

■ If there is actual fraud a creditor can maintain an action to set aside the transfer without a showing that the defendant has no other assets to satisfy his judgment. (*Heffernan* v. *Bennett & Armour*, 110 Cal.App.2d 564, 584 [243 P.2d 846] ; 23 Cal.Jur.2d, Fraudulent Conveyances, § 88, pp. 536-537.)

■ The evidence was ample to support the trial judge's conclusion upon reweighing it that it was not sufficient to support the judgment.

The order granting a new trial must be affirmed. This renders plaintiff's cross-appeal from the judgment under rule 3(a), Rules on Appeal, moot. ■ The affirmance of the order granting a new trial leaves no final judgment in effect. The cross-appeal from the judgment is only operative if the order granting the new trial is reversed thus reinstating the judgment. (Witkin, New California Rules on Appeal, 17 So.Cal.L.Rev., pp. 94-96.)

Order granting new trial affirmed. Appeal from judgment dismissed. Plaintiff to have his costs on both appeals.

Kaufman, J., and Draper, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.