[Civ. No. 14987. Fourth Dist., Div. One. May 4, 1978.]

117 SALES CORPORATION, Plaintiff and Appellant, v.
JOANN OLSEN, Defendant and Respondent.

646

COUNSEL

Richard I. Singer and Keith L. Meeker for Plaintiff and Appellant.

Brian D. Monaghan for Defendant and Respondent.

OPINION

STANIFORTH, J.—JoAnn Olsen filed a small claims action to recover $390.75, the purchase price of a sofabed she bought from appellant 117 Sales Corporation. She charged the sofabed was represented to be a "Riviera" sofabed but it was not; the sofabed had a metal bar so placed as to prevent comfortable rest or sleep by a human body. She found herself, by a cross-action process, a codefendant, along with Michael Siegel and Riviera Manufacturing Company (franchisor of 117 Sales Corporation) in a superior court, three-count, twenty-page, $25,000 damage action.

The trial court sustained her general demurrer to the first and second causes of action without leave to amend and granted her motion to strike (treated as a motion for summary judgment) and entered a judgment of

dismissal as to Olsen only.[1] Her small claims action was remanded to the appropriate tribunal. We affirm the order and judgment.

The sole issue on appeal is whether the trial court abused its discretion in granting Olsen's motion for summary judgment and in sustaining her demurrer without leave to amend. 117 Sales Corporation has not appealed the trial court's sustaining of Olsen's general demurrer without leave to amend as to the first cause of action.

■ We assess the sufficiency of the second cause of action only against the general demurrer by these familiar rules: ". . . we treat the demurrer as admitting all material facts properly pleaded. [Citations.] Further, in reviewing an order sustaining a demurrer without leave to amend, 'the allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties.' " (*King* v. *Central Bank,* 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857].) ■ With respect to the trial court's granting Olsen's motion for summary judgment, these rules control our decision: "It is . . . elementary that the motion for summary judgment should be denied if the papers submitted show there is a triable issue of fact [citations] and if an issue of fact is present the trial court abuses its discretion in granting such a motion [citations]. The function of the trial court is 'issue finding,' not 'issue determination' [citation], and, in reading the papers filed, those of the moving party are to be strictly construed, while those of the opposing party are to be liberally construed." (*Black* v. *Sullivan,* 48 Cal.App.3d 557, 567 [122 Cal.Rptr. 119].)

The sole factual gist of 117 Sales Corporation's second cause of action against Olsen is she conspired with her codefendants Siegel and Riviera to institute a nonmeritorious and malicious civil action in the small claims court without probable cause and with knowledge of the invalidity of the claim asserted. 117 Sales Corporation alleges Olsen, together with her codefendants: "In doing the aforementioned acts [filing a small claims action], defendants, . . . planned, agreed and conspired to interfere with and have interferred with Plaintiff's prospective business advantage by wrongfully casting disrepute on and impairing Plaintiff's business good will and business reputation in the San Diego community." Thus, the objective of the conspiracy here charged was to interfere with a "prospective business advantage."

---

[1]Olsen's codefendants, Siegel and Riviera, also demurred and moved to strike the complaint. The trial court denied these motions with respect to the second and third causes of action. These codefendants have not appealed.

■ A civil conspiracy is simply a corrupt agreement; it is: ". . . a combination of two or more persons to accomplish an evil or unlawful purpose." (*Southern Cal. Disinfecting Co.* v. *Lomkin,* 183 Cal.App.2d 431, 448 [7 Cal.Rptr. 43].) ■ To state a cause of action for civil conspiracy, *facts* must be alleged which show the formation and operation of a conspiracy, the wrongful act of any of the conspirators thereto and damage resulting therefrom. (*Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484, 488 [110 P.2d 396]; *Wise* v. *Southern Pacific Co.,* 223 Cal.App.2d 50, 64-65 [35 Cal.Rptr. 652].)

The court in *Allen* v. *Powell,* 248 Cal.App.2d 502, 508 [56 Cal.Rptr. 715, 29 A.L.R.3d 1218], states: " 'The gist of an action charging civil conspiracy is not the conspiracy *but the damages suffered.* [Citations.] It is the long established rule that a conspiracy, in and of itself, however atrocious, does not give rise to a cause of action unless a civil wrong has been committed resulting in damage. [Citations.] . . . The advantage to the pleader in charging a conspiracy is to implicate all participating in the common design and thus fasten liability on him who agreed to the plan to commit the wrong as well as on him who actually carried it out. [Citations.] The conspiracy "may be inferred from the nature of the acts done, the relations of the parties, the interests of the alleged conspirators, and other circumstances." [Citations.] . . .' " (Italics added.) (See also *Freeman* v. *LaMorte,* 148 Cal.App.2d 670 [307 P.2d 734].) Thus the gist of the action is damages. (*Orloff* v. *Metropolitan Trust Co., supra,* 17 Cal.2d 484, 488.) No cause of action exists for the conspiracy itself. The pleaded facts must show something which, without conspiracy, would give rise to a cause of action. (*Agnew* v. *Parks,* 172 Cal.App.2d 756, 762-765 [343 P.2d 118].) In fact, if the wrongful act is set out, the conspiracy allegation is unnecessary to the cause of action. (*Loeb* v. *Kimmerle,* 215 Cal. 143, 151 [9 P.2d 199].)

The advantage to the pleader in charging a conspiracy is to implicate all participating in the common design and thus fasten liability on him who agreed to the plan to commit the wrong as well as on him who carried it out. (*Allen* v. *Powell, supra,* 248 Cal.App.2d 502, 508.) Thus each participant in a wrongful conspiracy is responsible as a joint tortfeasor whether he is a direct actor and irrespective of his degree of activity. (*Greenwood* v. *Mooradian,* 137 Cal.App.2d 532, 537-538 [290 P.2d 955].) However, where there is a lack of factual allegations of a conspiracy to accomplish a specified evil or unlawful purpose, the rule of *Greenwood* has no application. Moreover, if we assume sufficient factual allegations of a combination to commit an unlawful or improper act, the *sine qua non*

for recovery for civil conspiracy is proximately caused damages. (*Unruh* v. *Truck Insurance Exchange,* 7 Cal.3d 616, 631 [102 Cal.Rptr. 815, 498 P.2d 1063].) In each of these areas of requisite factual allegations, bare legal conclusions are insufficient. (*Diodes, Inc.* v. *Franzen,* 260 Cal.App.2d 244, 245, 252 [67 Cal.Rptr. 19].) Inferences, generalities, presumptions and conclusions are insufficient. (*Legg* v. *Ford,* 185 Cal.App.2d 534, 542 [8 Cal.Rptr. 392].)

With these legal premises in mind, we examine the pleadings. The civil wrong there attempted to be alleged was an interference with prospective business advantage. This is an intentional tort creating a right for damages against one who unjustifiably interferes with the advantageous business relationship to another's damages.

The precise question here is whether 117 Sales Corporation has alleged facts from which the elements of a cause of action for unjustifiable interference with a prospective business advantage may be deduced as to Olsen. JoAnn Olsen is charged, in count two, with conspiring to file a "malicious," "nonmeritorious" small claims lawsuit without probable cause. It is asserted Olsen's action was instituted for the ulterior purpose of injuring "plaintiff's business good will and business reputation" and as a consequence "interfered with plaintiff's prospective business advantage."

The count is defective in that except for the allegation of the filing of the small claims action, the charges are pure conclusions, bare-faced generalities. No facts spell out the causal relationship between a charged conspiracy to file a small claims lawsuit and the unspecified, unjustified interference with business relations. The requisite improper objective of the "conspiracy" remains undefined by any factual allegations. Factual charges of consequential damage are missing.

If we view the allegations made against Olsen with that charity to be accorded pleadings, we deduce 117 Sales Corporation is attempting, under the name of conspiracy to interfere with an advantageous business relationship, to state a cause of action for malicious prosecution. If that be the purpose, count two is still defective as to Olsen. The elements for a cause of action for malicious prosecution are (1) an action brought without probable cause, (2) initiated with malice, (3) instituted by or at the direction of defendant, and (4) pursued to a legal termination in favor of 117 Sales Corporation. (*Bertero* v. *National General Corp.,* 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

117 Sales Corporation does not allege Olsen's small claims action was terminated in its favor. The evidence on the motion for summary judgment is to the contrary. Therefore, the pleadings are insufficient to tender a malicious prosecution action. (*Babb* v. *Superior Court,* 3 Cal.3d 841 [92 Cal.Rptr. 179, 479 P.2d 379].)

■ Nor does count two state a cause of action for trade libel as to Olsen. The charging language appears to be directed at Siegel and Riviera. Moreover, Olsen's "publication" in the filing of a small claims suit is absolutely privileged. (*Rader* v. *Thrasher,* 22 Cal.App.3d 883, 887 [99 Cal.Rptr. 670]; Civ. Code, § 47, subd. 2.)

In summary, if we assume Olsen maliciously and without probable cause, with knowledge of its invalidity, filed her action in small claims court, no underlying civil wrong is pleaded to give life to the complaint.

Nor do the affidavits submitted by 117 Sales Corporation on the summary judgment motion raise any triable issue of fact not disclosed by this maladept pleading in count two. Olsen described in factual detail her actions which led to the lawsuit. Her declarations made it clear she was a consumer who sought legal redress after having been subjected to questionable business practices by 117 Sales Corporation. In response to Olsen's declarations, the only attempt to present any triable issue of fact was based upon "a reasonable belief" as to what may have transpired at a meeting at which the affiant was not present.

117 Sales Corporation argues it was denied access and opportunity to discover certain evidence in order to prove a conspiracy. This argument is frivolous. It had obtained voluminous discovery in that it was involved in substantial litigation with codefendant Riviera Manufacturing Company, Inc., entitled Riviera v. Kantorovich, San Diego Superior Court civil No. 371446. Large segments of these discovered materials have been incorporated in the clerk's transcript as part of the record here. 117 Sales Corporation could have, *before even filing the instant action* against Olsen, reviewed discovery undertaken in that case or the examination of respondent Siegel and others in the Riviera v. Kantorovich action to determine if Olsen's small claims action was in any way related or affected by that litigation.

We find no triable issue of fact before the trial court. The affidavits are totally inadequate to raise any factual issue. (*Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464].) ■ This appeal caps a picture of

maladept pleadings based upon no satisfactory factual base but seeking to entangle Olsen in a quarrel between 117 Sales Corporation and its franchisor. The briefs on appeal of 117 Sales Corporation are models of improper appellate writing, replete with archaic legalese, with improper references to matters outside the record. This appeal was prolonged, imposed upon Olsen and this court, until the very afternoon of oral argument.

The pursuit of this small claimant ended only after counsel for Olsen had arrived in court for oral argument of this appeal. Then, counsel for 117 Sales Corporation waived oral argument. We find the appeal to be frivolous, taken solely for delay. We add to the costs on appeal, to be paid by 117 Sales Corporation, damages in the sum of $1,000. (Code Civ. Proc., § 907.)

Judgment affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied May 22, 1978.