Filed 1/15/15  Barker v. G.O.N.E. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KELLY BARKER,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>G.O.N.E., INC. et al.,<br><br>Defendant and Respondent. | F066342<br><br>(Stanislaus Super. Ct. No. 658584)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Stanislaus County.  Hurl William Johnson III, Judge.

Bronson & Associates and Martha Bronson for Plaintiff and Appellant.

Richard L. Schneider for Defendant and Respondent.

-ooOoo-

## INTRODUCTION

This dispute started out simply enough.  An apartment complex claimed that its former tenant, appellant Kelly Barker (Barker) failed to pay rent and provide notice that he was quitting the premises.  Cheryl C. Koff d.b.a. G.O.N.E., sued Barker on these claims, alleging that it had received an assignment of the apartment complex's claims

against Barker. As a result, a $1,833.62 default judgment was entered against Barker in 2004.

In the following years, Barker filed several lawsuits pertaining to the complex's allegedly improper assessment of fees, retention of his security deposit, and debt collection practices. Among those actions is the present suit, filed in 2010. Barker currently seeks recovery on various theories primarily pertaining to his allegation that respondents used a perjured declaration to obtain the 2004 default judgment.

The trial court granted a motion for judgment on the pleadings, ruling that Barker's present suit is barred by (1) the 2004 judgment pursuant to the doctrine of collateral estoppel and (2) the applicable statute of limitations.

We conclude the motion for judgment on the pleadings was properly granted and reject Barker's attacks on various discovery rulings.

We therefore affirm the judgment.

## FACTS

According to a complaint filed in 2004, Barker rented an apartment from Villa Verde North, LLC (Villa Verde) and signed a written rental contract. In 2004, Barker allegedly breached the contract when he purportedly failed to notify Villa Verde that he was quitting the premises and failed to pay rent for June 2004. The right to recover for this breach was allegedly assigned to a debt collector, Cheryl C. Koff, d.b.a. G.O.N.E. ("G.O.N.E.").

### Case No. 350294

In September 2004, G.O.N.E. sued Barker in Stanislaus Superior Court. G.O.N.E.'s complaint alleged that Barker entered into a rental agreement and subsequently breached it by failing to pay amounts due thereunder. The action was assigned case No. 350294.

2.

Barker defaulted and G.O.N.E. requested a default judgment by declaration. (See Code of Civ. Proc., § 585, subd. (a).) The declaration was executed by respondent Christian Hurst (Hurst). The declaration stated that Barker "failed to pay rent from 6/1/04 through 7/2/04 damaging plaintiff $651.00" and "failed and refused to keep and surrender the rented premises in good condition damaging the plaintiff $1,124.00." It also stated that "Plaintiffs [*sic*] assignor duly performed all duties of the Rental agreement …." The declaration was signed under penalty of perjury and indicated that the matters contained therein were within Hurst's personal knowledge.

On November 18, 2004, G.O.N.E., obtained a default judgment against Barker in the amount of $1,833.62.

### *Case No. CV034593*

In May 2007, Barker sued several defendants, including Villa Verde and its parent company, JCM Partners, LLC ("JCM"),[1] in Stanislaus County Superior Court. Villa Verde cross-complained against Barker for breaching the lease agreement and for declaratory relief. The action was transferred to San Joaquin County Superior Court and given case No. CV034593.

Barker's complaint in case No. CV034593 is not in the record. As a result, the details of Barker's factual claims in that case are unknown. The record does disclose that Barker's complaint included allegations that defendants: Failed to return the security deposit, unlawfully charged liquidated damages, improperly imposed a late rental

---

[1] The caption in one of the orders from the case lists the following defendants in the case: Villa Verde North, LLC; JCM Partners, LLC, Gayle M. Ing, Michael Vanni, Brian S. Rein, Cornelius Sam, Computer Management Corporation and Does 1-50, inclusive. Without the entire record of the case, we cannot be certain that this is an exhaustive list of all defendants ever named in the case. Respondent's appellate brief claims that G.O.N.E. was never a party to case No. CV034593.

3.

payment fee, failed to provide a walk-through inspection, failed to give written notice of the security deposit disposition, and committed unfair business practices.[2]

Villa Verde and JCM moved for summary judgment or adjudication. The San Joaquin County Superior Court granted the motion as to nine of the 10 causes of action in Barker's complaint. The court ruled that the 2004 default judgment conclusively determined that defendants had been entitled to the charges and security deposit amounts challenged by Barker.

The court denied the summary judgment motion as to the unfair businesses practices cause of action. The court ruled that "to the extent this claim seeks non-monetary relief, the prior default judgment is not *res judicata* as to this cause of action."

The case was subsequently settled.

### *Case No. 2:09-cv-00001-GEB-JFM*

In 2008, Barker sued several defendants, including Cheryl C. Koff, Hurst and G.O.N.E., Inc.,[3] in the United States District Court.[4] The first amended complaint filed in that action alleged defendants " 'fraudulently induc[ed] judges into entering defaults and default judgment through use of perjured declarations.' "[5] It contained causes of action for violating (1) the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.)

---

[2] This information is taken from an order granting summary adjudication in the case. That order contains a brief description of Barker's causes of action.

[3] Barker's complaint in the present case alleges that "GONE, Inc. was formerly known as G.O.N.E."

[4] The caption from an order in the case lists the following defendants: Philip B. Avila, Cheryl C. Koff, Borton & Petrini, LLP, Christian P. Hurst, Chelsea VanPetten, Dawn Harleman, Shelly Prehm, and G.O.N.E., Inc. Again, without the benefit of the record from case No. 2:09-cv-00001-GEB-JFM, we cannot be certain that this is an exhaustive list that includes every defendant named in the case.

[5] Barker's complaints in case No. 2:09-cv-00001-GEB-JFM are not included in the record. The description of Barker's allegations in that case comes from the district court's order granting defendants' motions to dismiss and strike.

4.

("FDCPA"); (2) the Rosenthal Fair Debt Collection Practices Act (Civ. Code § 1788, et seq.); and (3) California Business and Professions Code section 17200.

An anti-SLAPP motion was filed, which the district court granted. Barker was granted leave to amend his " 'state law claims' only" (i.e., the Rosenthal Act and unfair business practices causes of action). Despite this limitation on the leave to amend, Barker amended his federal FDCPA claim in addition to the state law claims. The district court determined that amendment was improper. The court also ruled that the remainder of Barker's federal FDCPA claim was barred by the statute of limitations. Because of these rulings, only state law claims remained. The district court declined to exercise supplemental federal jurisdiction over the state law claims and dismissed them without prejudice. (28 U.S.C. § 1367, subd. (c)(3).)

### Case No. 658584 (Present Action)

In September 2010, Barker filed the present case – a putative class action lawsuit against respondents in Stanislaus County Superior Court. The case was given case No. 658584.

The suit alleged that Hurst's declaration in support of the 2004 default judgment was perjured. The complaint claims the following contents of Hurst's declaration are false: (1) Barker "failed and refused to keep and surrender the rented premises in good condition damaging [G.O.N.E.] $1,124.00"; (2) " 'Plaintiffs [sic] assignor duly performed all duties of the Rental agreement to be performed on his part' " (3) that the Rental Agreement provided for a monthly rent of $560.00; (4) that the matters contained in the declaration were within the personal knowledge of the declarant; and (5) that the rental agreement was attached to the declaration. The complaint claims that respondents

5.

filed the declaration "intending the Court rely upon the false statement that the facts declared to [*sic*] were personally known to the declarant …." **6**

The complaint also alleges Barker was not "personally served" with the 2004 suit.

G.O.N.E. and "Christian P. Hurst, et al" moved for judgment on the pleadings. (See Code Civ. Proc. § 438.**7**) The court granted the motion on two grounds: The present lawsuit was barred by (1) the 2004 default judgment pursuant to the doctrine of collateral estoppel and (2) the applicable statutes of limitation. Barker appeals.

## DISCUSSION

### I.     Motion for Judgment on the Pleadings

#### A. *Collateral Estoppel*

" ' "[T]he doctrine of *res judicata* gives certain *conclusive effect* to a *former judgment* in subsequent litigation involving the same controversy." [Citation.] The doctrine "has a double aspect." [Citation.] "In its primary aspect," commonly known as claim preclusion, it "operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. [Citation.]" [Citation.] "In its secondary aspect," commonly known as collateral estoppel, "[t]he prior judgment ... 'operates' " in "a second suit ... based on a different cause of action ... 'as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.' " ' [Citation.]" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797, italics in original.)

---

**6** The complaint also sought class certification and alleged that defendants engaged in a "massive fraudulent scheme to fraudulently induce judges and court personnel into entering defaults and default judgments through use of false verifications of complaints, false … declarations … and false proofs of service .…"

**7** All future undesignated statutory references are to the California Code of Civil Procedure.

1. Barker May not Attack the 2004 Judgment on the Basis that it was Obtained Through Falsification of Evidence

The gravamen of Barker's suit is that defendants falsified evidence to obtain the 2004 default judgment. However, "under the doctrines of res judicata and collateral estoppel a judgment may not be collaterally attacked on the ground that evidence was falsified …." (*Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 10; see also *Pico v. Cohn* (1891) 91 Cal. 129, 134–135; *Jeffords v. Young* (1929) 98 Cal.App. 400, 404.) We must next determine whether Barker's present suit is a collateral attack on the judgment. For the reasons explained below, we conclude that it is.

First and foremost, Barker's suit is, in part, "an attempt to impeach" the 2004 judgment "in a proceeding other than that in which the decree was rendered; hence it is a collateral attack." (*Harley v. Superior Court of San Mateo County* (1964) 226 Cal.App.2d 432, 435, italics removed.)

Second, the complaint specifically seeks to enjoin enforcement of the 2004 judgment. "Actions to prevent enforcement of the judgment … are … collateral attacks on the judgment." (8 Witkin, Cal. Proc. 5th (2008) Attack, § 7, p. 591; see also *Estate of Wemyss* (1975) 49 Cal.App.3d 53, 58.)

Third, the present suit seeks affirmative relief that would require relitigation of issues conclusively decided by the 2004 judgment. (Cf. *Kachig v. Boothe* (1971) 22 Cal.App.3d 626, 636.) That is, Barker seeks to prove that he, in fact, did not owe the amounts G.O.N.E. claimed in the 2004 suit. "[I]t is the very purpose of the doctrine of finality of judgments to preclude relitigation" of such facts. (*Ibid.*)

7.

## 2. Barker May Not Collaterally Attack the 2004 Judgment Based on Alleged Jurisdictional Defects that do not Appear on the Judgment Roll

Barker asserts another basis for collaterally attacking the 2004 judgment beyond the alleged falsification of evidence.[8]

In the 2004 suit, G.O.N.E. alleged that it had received an assignment of the claims it was prosecuting. Barker asserts that this alleged assignment was ineffective and that Villa Verde North, LLC, remained the only real party in interest with respect to the claims against him. Barker contends this is a jurisdictional defect rendering the 2004 judgment void. (See *Cummings v. Stanley* (2009) 177 Cal.App.4th 493, 501 [lack of standing is a jurisdictional defect].) However, the validity of a judgment cannot be collaterally attacked on jurisdictional grounds unless the "jurisdictional defect appears on the judgment roll." (8 Witkin, Cal. Proc. 5th, *supra*, Attack, § 11, p. 594; see also *Johnson v. Hayes Cal Builders, Inc.* (1963) 60 Cal.2d 572, 576.) The defect alleged by Barker would not appear on the judgment roll.[9] Consequently, it cannot serve as the basis of a collateral attack.

---

[8] Barker claims that Villa Verde's filing of the 2007 cross-complaint in case No. CV034593 constituted a Rosenthal Act violation by defendants. However, Villa Verde is not a defendant in the present action, and Barker's complaint does not sufficiently state facts that would establish Villa Verde is an alter ego of G.O.N.E. or the other defendants in this case. (Cf. *Leek v. Cooper* (2011) 194 Cal.App.4th 399, 415 [to recover on alter ego theory, plaintiff must allege sufficient facts to show unity of ownership]; *117 Sales Corp. v. Olsen* (1978) 80 Cal.App.3d 645, 649–650 [pleader must allege facts showing formation of conspiracy and it is insufficient to rely on "[i]nferences, generalities, presumptions and conclusions"].)

[9] To the contrary, the 2004 complaint – which is part of the judgment roll (§ 670, subd. (a)) – alleges that G.O.N.E. *did* receive an assignment of "all rights, title, and interest in and to the claims set forth below …."

3. Barker Waived any Arguments Presented for the First Time in his Reply Brief

Barker raises several additional bases for attacking the 2004 judgment for the first time in his late reply brief.[10]  First, we deny Barker's motion for leave to file his late reply brief.  Second, even if Barker had successfully filed a reply brief, "[a]rguments presented for the first time in an appellant's reply brief are considered waived. [Citation.]"  (*Habitat & Watershed Caretakers v. City of Santa Cruz* (2013) 213 Cal.App.4th 1277, 1292, fn. 6.)

B. *The Court was not Required to Deny the Motion for Judgment on the Pleadings Pursuant to Code of Civil Procedure Section 438, Subdivision (g)(1)*

Barker claims the motion for judgment on the pleadings should have been denied pursuant to section 438, subdivision (g)(1) because defendants filed successive motions. That subdivision deals with the effect of a prior *demurrer*, not a prior motion for judgment on the pleadings.[11]  (§ 438, subd. (g)(1).)  The fact that defendants filed multiple motions for judgment on the pleadings does not implicate this provision.

II.    Discovery Orders

Barker also challenges several discovery orders.  Respondents do not address the

---

[10] For example, Barker points to allegations regarding service of the 2004 suit. However, as to the 2004 suit, the complaint merely alleges that Barker was not "personally served" with the summons and complaint.  Personal service is one of several ways to effect service.  (See §§ 415.10–415.50.)  The allegation that Barker was not served in one of several valid ways is not equivalent to an allegation that Barker was not served at all.  In this respect, the complaint does not allege facts constituting extrinsic fraud.

[11] Defendants *also* filed a prior demurrer, but the demurrer was overruled on procedural and technical grounds:  Failure to provide sufficient notice of the hearing (§ 1005, subd. (b)) and stating multiple grounds for the demurrer in a single paragraph. (Cal. Rules of Court, rule 3.1320(a).)  The demurrer was not overruled on the merits of the arguments defendants repeated in the motion for judgment on the pleadings.

discovery orders in their appellate brief. Nonetheless, we reject Baker's challenges as explained below.

### A. *The Trial Court Did Not Err in Declining to Impose Sanctions in Connection with G.O.N.E., Inc.'s June 2011 Discovery Motion*

In April 2011, G.O.N.E., Inc. propounded a demand for production of documents to Barker. (See § 2031.020.) G.O.N.E., Inc. requested that Barker produce, among other documents, the settlement agreement from case No. CV 034593. Barker refused to produce the agreement, claiming that it contained a confidentiality provision that prevented him from producing it.

Defendants filed a discovery motion seeking an order compelling Barker to produce the settlement agreement and to pay monetary sanctions. In the moving papers, defendants indicated that they would accept production of a redacted version of the settlement agreement that did not include settlement amounts. In his opposing papers, Barker requested sanctions against Hurst and defense counsel for making a meritless discovery motion. (See § 2031.310, subd. (h).)

A minute order reflects that at the motion hearing on August 2, 2011, the parties agreed the court would review the settlement agreement in camera. The same minute order also denied "the request for sanctions."

A minute order dated September 28, 2011 (presumably issued after the court reviewed the settlement agreement in camera), provides, in part:

> "Plaintiff['s] counsel shall provide a copy of the agreement to [defense counsel] and ordered [*sic*] that the numbers to be redacted. [Defense counsel] can show this agreement to his client and not to give [*sic*] it to anyone else unless it is necessary for this litigation. At the end of the litigation, [defense counsel] shall give it back to [plaintiff's counsel]."

10.

Barker claims that the court erred in denying sanctions against defendants. He asserts that sanctions were mandatory because defendants made an unsuccessful motion to compel. (See § 2031.310, subd. (h).)[12]

Section 2031.310, subdivision (h) provides that "the court shall impose a monetary sanction … against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel further response to a demand, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§ 2031.310, subd. (h).)

By its plain terms, this subdivision applies to a moving party who *unsuccessfully* makes a motion to compel further response. (§ 2031.310, subd. (h).) Our review of the record indicates that the defense motion to compel was ultimately successful. The motion sought, and eventually resulted in, an order compelling plaintiff to produce the settlement agreement. As a result, sanctions against the moving parties and counsel were not mandatory. The court did not abuse its discretion in declining to impose sanctions.

### B. The Trial Court Did Not Err in "Dropping" G.O.N.E. February 2012 Discovery Motion from Calendar

G.O.N.E. noticed Barker's deposition for December 20, 2011. Barker did not appear at the deposition, and G.O.N.E. filed a discovery motion under section 2025.450, requesting sanctions.

In a minute order dated February 2, 2012, the court "dropped" G.O.N.E.'s discovery motion from the calendar without prejudice "for failure to file a motion."[13]

---

[12] Barker incorrectly identifies section 2031.300, subdivision (c) as the controlling statute. Defendants' motion was one to compel *further* responses (§ 2031.310, subd. (a)) not a motion to compel an initial response (§ 2031.300).

[13] The minute order does not elaborate on the specific defects in the motion. The court may have been referencing the fact the motion itself requests dismissal of the case, but the notice of motion simply requests "sanctions" without specifying the type of

The order cited several Rules of Court and noted that a "party who seeks relief from the Court by motion must specify the relief sought in both the notice of motion and the motion."

Barker claims the court's "dropping of the motion" was "unauthorized." We disagree. " 'The court for good cause has discretion in the control and regulation of its calendar or docket. [Citation.] It is permissible for good cause to delay a … hearing to a later date or to drop or strike a case from the calendar, to be restored on motion of one or more of the litigants or on the court's own motion….' " (*R & A Vending Services, Inc. v. City of Los Angeles* (1985) 172 Cal.App.3d 1188, 1193; cf. *Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 409 [in certain circumstances, court may take a discovery motion off calendar].)

Thus, we see no abuse of discretion in the court's decision to drop the defense motion *without prejudice* for failing to comply with the Rules of Court.[14]

## DISPOSITION

Appellant's motion to file a late reply brief is denied. Appellant's motion to augment the record on appeal, filed July 21, 2014, is granted.

The judgment and discovery orders are affirmed. Respondents shall recover costs.

---

sanctions being sought (e.g., monetary, evidentiary, issue or terminating sanctions). (See Cal. Rules of Court, rule 3.1112(d)(3).)

[14] Barker complains the court's order dropping the motion effectively strips him of the ability to seek recovery for respondents' alleged misuse of the discovery process. Not so. Nothing prevented Barker from filing his own motion for sanctions (§ 2023.040), which does not have a 45-day time limit. (See *Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants*, *supra*, 148 Cal.App.4th at p. 411.)

12.

_____
Poochigian, J.

WE CONCUR:


_____
Kane, Acting P.J.


_____
Franson, J.

13.